IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

HJALMAR RODRIGUEZ, JR.,                  :
                                         :
            Plaintiff,                   :
                                         :
v.                                       :        Case No. 7:24-cv-25-WLS-AGH
                                         :
Warden JACOB BEASLEY, *et al.*,          :
                                         :
            Defendants.                  :

## ORDER AND RECOMMENDATION

Before the Court are Plaintiff's requests for preliminary injunctive relief and temporary restraining orders ("TRO" or "TROs"), and for expedited consideration (ECF Nos. 72, 74, 95, 99). For the following reasons, the Court recommends that Plaintiff's motions for TROs be denied. The Court denies Plaintiff's motion for expedited consideration.

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178-79 (11th Cir. 2020) (citation omitted). The standards for obtaining a preliminary injunction and obtaining a TRO are the same. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010). In determining whether a preliminary injunction should be granted, the Court considers

> whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotation marks and citations omitted).

The TRO motion the Court received on January 5, 2026, should be denied. TRO Mot., Jan. 5, 2026, ECF No. 72. The January 5 motion states only that an attached exhibit was for "temporary restraining order and pulmonary [sic] injunction[.]" TRO Mot., Jan. 5, 2026. The U.S. Department of Justice's Investigation of Georgia Prisons is attached. TRO Mot. Ex. 1, Jan. 5, 2026, ECF No. 72-1. The January 5 motion seeks no relief and wholly fails to address the factors identified above. Thus, the January 5 motion should be denied.

The January 20, 2026, should similarly be denied. This motion seeks a TRO referenced in a TRO motion received on November 13, 2024, prior to the stay of this case. TRO Mot. 1, Jan. 20, 2026 (referencing TRO Mot., Nov. 13, 2024, ECF No. 24); *see also* Order, Jan. 10, 2025, ECF No. 38 (staying the case due to a related bankruptcy proceeding). Thus, the January 20 motion seeks a TRO requiring Defendant Beasley to have Plaintiff examined by an ophthalmologist and to transfer Plaintiff to another facility. TRO Mem. Supp. 1, Nov. 13, 2024, ECF No. 24-2. However, that is the relief that Plaintiff seeks in his amended complaint. Am. Compl. 29, ECF No. 12. Because a TRO is primarily issued to preserve the status

quo, rather than granting the substantive relief sought in a complaint, and the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits, the January 20 motion should likewise be denied. *See Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that is has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint." (citation omitted)).

Finally, the June 26, 2026, TRO motion should also be denied. There, Plaintiff seeks an order to transfer Plaintiff to another facility, to "command Deputy Warden G. Spencer to stay 50 yards away from Plaintiff[,]" and the restoration of Plaintiff's "liberty interest[.]" TRO Mot. 7, June 26, 2026, ECF No. 99. However, Warden Spencer is not a party to this action. Thus, the Court lacks jurisdiction to issue an order enjoining Warden Spencer from acting. *Zavala v. Ward*, No. 5:19-cv-363-TES-CHW, 2024 WL 4156841, at \*1 (M.D. Ga. Sept. 11, 2024) (citing *Infant Formula Antitrust Litigation, MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) for the proposition that federal courts lack "subject matter jurisdiction to issue an injunction against a non-party"), *adopted by* 2024 WL 4666291 (M.D. Ga. Nov. 4, 2024). But even if the Court had jurisdiction, the facts of this matter have also not yet been sufficiently developed to properly consider the required factors, despite Plaintiff's recitation of his allegations. The Court, therefore, recommends that the June 26 motion (ECF No. 99) also be denied.[1]

---

[1] Plaintiff's motion for expedited consideration (ECF No. 95) is DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 23rd day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

4