**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **HJALMAR RODRIGUEZ, JR,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO: 7:24-cv-25–WLS-AGH** |
| **Warden JACOB BEASLEY, *et al.*** | : | |
| **Defendants.** | : | |

**ORDER**

Before the Court is an Order & Recommendation (Doc. 104) ("Recommendation") of United States Magistrate Judge Amelia G. Helmick filed July 23, 2026. Therein, Judge Helmick recommends that *pro se* Plaintiff's requests for preliminary injunctive relief and temporary restraining orders (Docs. 72, 74, 99) ("TRO" or "TROs") be denied. Judge Helmick notified the parties that they had fourteen days within which to file an objection to the Recommendation. Neither party did so. (See Doc. 104 at 4 & Docket). Thus, the Court reviews the Recommendation for clear error.[1]

For the reasons stated herein, Judge Helmick's Recommendation is **ACCEPTED and ADOPTED.**

Plaintiff filed three TROs. The first, on January 5, 2026, which, as Judge Helmick notes did not request any specific relief or state a basis for relief as to Plaintiff. Rather, the January 5, 2026 TRO attached a Report dated October 1, 2024, of the U.S. Department of Justice Civil Rights Division Investigation of Georgia Prisons (Doc. 72-1) ("DOJ Report"). The DOJ Report concluded that the "Department has reasonable cause to believe that the State of

[1] 28 U.S.C. § 636(b) provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); Fed R. Civ. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted)).

Georgia violates the Eighth Amendment by failing to protect incarcerated persons from violence and sexual abuse, and by failing to provide reasonably safe conditions." (Doc. 72-1 at 94). However, there is no indication as to what action, if any, was taken by the Attorney General in relation to such DOJ Report. Nor did Plaintiff provide any specific argument as to how the Report relates to himself. The Court agrees with Judge Helmick, and the January 5, 2026 TRO (Doc. 72) is **DENIED**.

Plaintiff filed his second TRO (Doc. 74) on January 20, 2026, seeking a TRO that essentially seeks the relief requested in Plaintiff's amended complaint. The Court agrees with Judge Helmick that the purpose of a TRO is to maintain the status quo—not to grant relief sought by a plaintiff's complaint prior to development of the facts of the case. Thus, the January 20, 2026 TRO (Doc. 74) is **DENIED**.

In addition, the Court notes that buried in the last paragraph of the second TRO (Doc. 74-9 at 14) is Plaintiff's one-sentence request, pursuant to Federal Rules of Civil Procedure 18 and 20, to "amend his claims to add the issue of deliberate indifference to prisoner(s) safety." (Doc. 74 at 14). Plaintiff does not state who this new claim is supposed to be against, and therefore, he fails to state a claim for deliberate indifference to safety. Regardless, the Court has previously denied and dismissed Plaintiff's attempt to add a claim against Warden Beasley, the Georgia Department of Corrections ("GDC") and Tyrone Oliver, Commissioner of the GDC, for deliberate indifference to Plaintiff's safety by failing to control violence in GDC prisons. (*See* Doc. 83 at 7, 16). In its prior ruling, the Court found that

> None of Plaintiff's allegations involving this claim [for deliberate indifference to his safety] have any logical relationship to his claims for injury to his left eye. All of the incidents alleged to support his claim for failure to control the violence in various prisons involve many different and separate transactions which occurred over a wide-range of dates at multiple prisons and involving occurrences totally unrelated to any injury to Plaintiff's eye. Plaintiff's argument that the events are logically related because they all involve Defendants' deliberate indifference to Plaintiff's safety is unpersuasive.

*Rodriguez v. Beasley*, No. 7:24-CV-25, 2026 WL 700074, at *7 (M.D. Ga. Mar. 12, 2025).[2] Now, based on the wording of Plaintiff's request, he appears to be making another attempt to amend

[2] The Court further found that even if joinder of Plaintiff's claim against Warden Beasley, the GDC, and Commissioner Oliver, had been proper under Rules 18 and 20, the Court would have exercised its discretion to deny joinder of such claim. In making this analysis, the Court recognized that although Plaintiff had been

his claims to add this previously dismissed claim by asserting it on behalf of other prisoners. This is not permitted. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (per curiam) (finding a *pro se* litigant cannot bring an action on behalf of his fellow inmates). And to the extent Plaintiff is again attempting to add the claim on his own behalf, his arguments are the same which the Court previously found unpersuasive; *i.e.*, violence in the various Georgia prisons as reported by the DOJ Report (Doc. 72-1) and his twenty-three years of experience as a prisoner in various Georgia correctional facilities. (Doc. 74-9 at 8–11). Accordingly, to the extent Plaintiff seeks to amend his complaint to add claims on his own behalf or on behalf of others, such request is **DENIED** as Plaintiff fails to state a claim for deliberate indifference to prisoner(s) safety and such claim is unrelated to Plaintiff's original claims.

Plaintiff's third TRO (Doc. 99) was filed on June 26, 2026. Therein, Plaintiff makes allegations of retaliation against Calhoun State Prison Deputy Warden of Security, Gwendolyn Spencer. Plaintiff seeks an order requiring Deputy Warden Spencer to stay fifty yards away from Plaintiff and restoration of his library privileges. As Judge Helmick notes, Deputy Warden Spencer is not a party to this action and the Court lacks jurisdiction over her. Further, Plaintiff again seeks an order transferring him to an appropriate ADA facility or Federal facility, which as noted above is the relief sought in his complaint. As with his January 20, 2026 TRO, the record has not been sufficiently developed in this case to grant the relief requested in the TRO. Thus, the Plaintiff's third TRO (Doc. 99) is **DENIED**.[3]

Accordingly, the Court finds that the Recommendation (Doc. 104) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions

---

identified as an abusive litigant under the three-strikes provision, "the alleged imminent danger of serious physical injury related to the damage to his left eye is the sole reason Plaintiff was permitted to proceed with this case. Plaintiff's new claim alleging pervasive violence within the GDC prison system is not related in any way to the claims for which he was allowed to proceed *in forma pauperis* in this case. Nor is it likely that he would have been permitted to proceed with such an action had it been the basis for his initial filing." *Rodriguez*, 2026 WL 700074, at *7.

[3] Defendants filed a response (Doc. 102) to the third TRO, and on July 23, 2026, Plaintiff filed a timely reply (Doc. 105). It appears the reply was docketed approximately an hour after the Recommendation was docketed. It is unclear whether Judge Helmick considered the reply, but the Court's review of the reply indicates that Plaintiff has not presented any new arguments in support of his third TRO. The Court further notes that in his reply, Plaintiff states he has been provided with the prosthetic which is the basis for some of his claims for relief set forth in his amended complaint. (Doc. 105 at 1).

reached herein. Accordingly, Plaintiff's requests for preliminary injunctive relief and temporary restraining orders (Docs. 72, 74, 99) are **DENIED**. Further, to the extent Plaintiff seeks in Doc. 74 to amend his complaint to add claims on his own behalf or on behalf of others, such request is **DENIED** as Plaintiff fails to state a claim for deliberate indifference to prisoner(s) safety and such claim is unrelated to Plaintiff's original claims asserted in his complaint.

**SO ORDERED**, this 11th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**