**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| HJALMAR RODRIGUEZ, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:24-cv-25-WLS-AGH |
| | : | |
| Warden JACOB BEASLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Pending before the Court is Defendant Moody's Motion for Extension of Time to File Answer to Operative Pleading (ECF No. 115). Defendant Moody explains that Plaintiff's excessive filings, including unsupported successive amendments to his complaint, have caused this case to "become increasingly difficult to navigate." Mot. Ext. Time 3, ECF No. 115. According to Defendant Moody, filing an answer at this stage would require him to "speculate as to which allegations require a response and which claims remain properly before the Court." *Id.* at 3. Thus, Defendant Moody moves the Court extend his deadline for filing a responsive pleading "until after the Court has ruled on Plaintiff's pending motions, determined whether the purported Third Amended Complaint has any effect, and clarified the claims that remain before the Court." *Id.* at 4.

The Court agrees that Plaintiff's filings have made Defendant Moody's attempt at filing a responsive pleading unduly burdensome. Therefore, in the interest of efficiency and judicial economy, the Court **GRANTS** the motion for extension of time. Defendant Moody shall not be required to file a responsive pleading until further

order from the Court. For the same reasons, the Court **STAYS** all pending deadlines in this case. No responses or discovery shall be required until the Court rules on Plaintiff's pending motions, at which time the Court will also issue a scheduling order.

Plaintiff's claim has been pending for over two years. In that time, Plaintiff has continually amended his complaint without leave of Court, filed motions for relief that he has already been denied, and introduced supplemental exhibits that obscure his claims for relief (ECF Nos. 24, 36, 40, 72, 74, 88, 95, 99, 109, 111). Plaintiff's successive filings border on an abuse of the judicial process and slows the Court's ability to consider Plaintiff's case and other cases. Plaintiff should be aware that this Court has inherent authority to manage its docket, which can include issuing sanctions for violating court rules or court orders as well as for a plaintiff acting vexatiously. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Plaintiff must follow the Local Rules for the Middle District of Georgia and the Federal Rules of Civil Procedure to avoid any such consequences. This includes refraining from filing excessive or repetitive motions.

SO ORDERED, this 25th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE