**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| HJALMAR RODRIGUEZ, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:24-cv-25-WLS-AGH |
| | : | |
| Warden JACOB BEASLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Before the Court is Plaintiff's motion for sanctions (ECF No. 88) which seeks to impose sanctions on Defendants Beasley, Emmons, Newsome, Searcy, Lewis, Sauls, Oliver, and Martin for their alleged failure to waive service of process under Federal Rule of Civil Procedure 4(d)(2). To the extent Plaintiff seeks to impose sanctions on these Defendants, the motion (ECF No. 88) is **DENIED**. Plaintiff's point is well taken, however, as a review of the record suggests that Defendants Beasley, Emmons, and Searcy failed to waive service in accordance with Rule 4(d)(2), as discussed next.

Plaintiff, proceeding *pro se*, brought the above-styled action pursuant to 42 U.S.C. § 1983 on April 8, 2024 (ECF No. 1). After an initial review, the Court directed service, in relevant part, on Defendants Emmons, Searcy, Newsom, and Beasley, among others (ECF No. 15). The United States Marshals Service ("USMS") mailed process receipts and returns and waivers of service to these Defendants on October 4, 2024, addressed to Defendant Emmons at Georgia Diagnostic and

Classification State Prison in Jackson, Georgia (ECF No. 18), Defendant Beasley at Smith State Prison in Glennville, Georgia (ECF No. 17), and to Defendants Newsom and Searcy at Valdosta State Prison in Valdosta, Georgia (ECF Nos. 20, 21). Defendants Emmons, Searcy, Newsom, and Beasley, among others, did not return the waivers of service. Consequently, the USMS personally served Defendants Searcy (ECF No. 32), Emmons (ECF No. 33), and Beasley (ECF No. 34), each at the same locations to which waivers were mailed.[1] The USMS sustained total costs in perfecting service as follows: $306.22 as to Defendant Searcy (ECF No. 32), $130.00 as to Defendant Emmons (ECF No. 33), and $432.16 as to Defendant Beasley (ECF No. 34).

A person who is subject to service under Federal Rule of Civil Procedure 4(e) has a duty to avoid unnecessary expenses of serving the summons if a plaintiff requests waiver of service. Fed. R. Civ. P. 4(d). Rule 4(d)(2) provides that, "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver[,]" the Court "*must* impose on the defendant the expenses later incurred in making service[.]" Fed. R. Civ. P. 4(d)(2)(A) (emphasis added).

Thus, Defendants are **ORDERED** to **SHOW CAUSE** as to why they should not reimburse the USMS the total sums of **$306.22** (Defendant Searcy), **$130.00**

---

[1] After the Court ordered service based on its preliminary review of Plaintiff's amended complaint (ECF Nos. 69, 40) on Defendants Martin, Lewis, Sauls, and Oliver, those Defendants failed to waive service and were ultimately personally served by the USMS (ECF Nos. 84, 93, 97). However, Defendants Martin, Lewis, Sauls, and Oliver were served at differing locations from where the waivers of service were sent (ECF Nos. 84, 93, 97). The same is true for Defendant Newsom, who was served at Wilcox State Prison (ECF No. 43). Thus, Defendants Martin, Lewis, Sauls, Oliver, and Newsom need not show cause for failing to waive service under Rule 4(d)(2).

(Defendant Emmons) and **$432.16** (Defendant Beasley) for the costs incurred in making personal service on them. Defendants Searcy, Emmons, and Beasley shall respond to this Order **WITHIN TWENTY-ONE (21) DAYS**.

**SO ORDERED**, this 12th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE